## Fire Insurance Rates

458

UMSTED, Deputy Attorney General, January 16, 1946.—You have inquired if, under the law, there is a duty upon you to examine into and approve or disapprove deviations by insurers from schedule of rates established by fire-rating bureaus.

The answer to this query necessitates an interpretation of section 545 of the Insurance Company Law of May 17, 1921, P. L. 682, 40 PS §695, which reads as follows:

"Every insurer shall, at least 15 days in advance of any variation by it from the bureau rate, file with the bureau of which it is a member a schedule showing such variations. Any deviation of any insurer from the schedule of rates established by such company shall be uniform in its application of all the risks in the class from which the deviation is made, and no such uniform deviation shall be made unless notice thereof and the reason therefor shall be filed with the Insurance Commissioner."

From the foregoing it is to be noted that "no such uniform deviation shall be made unless notice thereof and the reason therefor shall be filed with the Insurance Commissioner". This section of the Insurance Company Law does not specifically state that the Insurance Commissioner is to approve or disapprove such deviation. Nor do we think we can supply it.

Had the legislature intended variations from fire bureau rates to be subject to the approbation or disapprobation of the Insurance Commissioner it certainly would have said so. For in section 654 of the Insurance Company Law of 1921, 40 PS §814, concerning work-

men's compensation rates, the Insurance Commissioner is specifically given authority to supervise rates and a procedure is set up for hearing and appeal. No such procedure is outlined in section 545 with regard to fire insurance rates.

In these circumstances we are obliged to conclude that the purpose of the legislature is manifestly to leave rates and rate deviations exclusively in the hands of fire-rating bureaus and insurance companies and to impose upon the Insurance Commissioner in this regard no duty other than to make his office a place of record where deviations and reasons therefor may be filed as notice to all of their co-tenants.

In section 51 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §551, it is provided:

"When the words of a law are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."

We are of the opinion, and you are accordingly advised, that the Insurance Commissioner has no authority to approve or disapprove deviations from the schedule of rates established by fire-rating bureaus in this Commonwealth. Section 545 of the Insurance Company Law of May 17, 1921, P. L. 682, 40 PS §695, merely establishes the Insurance Department as the place where such deviations and the reasons therefor shall be filed.